490 So.2d 938 (1986)
Ernest FITZPATRICK, Jr., Petitioner,
v.
Louie L. WAINWRIGHT, Secretary of the Florida Department of Corrections, Respondent.
No. 65785.
Supreme Court of Florida.
June 26, 1986.
*939 Bernard F. Daley, Tallahassee and Michael A. Milleman, University of Maryland School of Law, Baltimore, Md., for petitioner.
Jim Smith, Atty. Gen. and Gregory C. Smith and Gary L. Printy, Asst. Attys. Gen., Tallahassee, for respondent.
BOYD, Chief Justice.
Ernest Fitzpatrick, Jr., a state prisoner under sentence of death, petitions for habeas corpus and seeks a renewed appeal of his convictions and death sentence on the ground that he was not afforded fully effective assistance of counsel on his previous appeal to this Court.
Petitioner was convicted of first-degree murder and other crimes and was sentenced to death. On appeal, this Court affirmed the convictions and the sentence of death. Fitzpatrick v. State, 437 So.2d 1072 (Fla. 1983), cert. denied, 465 U.S. 1051, 104 S.Ct. 1328, 79 L.Ed.2d 723 (1984).
Among other matters, petitioner argues that his appellate counsel neglected to argue that the trial court had erred in allowing the state to present evidence rebutting the existence of a statutory mitigating circumstance before the defense had presented any evidence of such factor and in the face of defense counsel's stated intention not to rely on or present evidence on the statutory mitigating factor in question. We find that there was ineffectiveness of counsel on this one point regarding sentencing. We reject petitioner's other arguments on ineffectiveness of counsel. We therefore decline to grant renewed appellate review of petitioner's convictions but grant it as to his sentence of death.
In arguing that the trial court's action was clearly erroneous and prejudicial so as to require appellate counsel to raise it on appeal, petitioner relies on Maggard v. State, 399 So.2d 973 (Fla. 1981), cert. denied, 454 U.S. 1059, 102 S.Ct. 610, 70 L.Ed.2d 598 (1982). In Maggard, this Court held that the trial court had erred in allowing the state to present evidence of past criminal activity (not falling within the definitions of any statutory aggravating circumstances) to rebut the existence of the mitigating factor of lack of prior criminal record, where the defense had expressly waived any reliance on lack of prior record and had affirmatively represented to the court that it would not attempt to show such mitigating factor. The error was found to be of such magnitude that the sentence of death was vacated with directions to hold a new sentencing hearing with a new jury. The Court said:
Mitigating factors are for the defendant's benefit, and the State should not be allowed to present damaging evidence against the defendant to rebut a mitigating circumstance that the defendant expressly concedes does not exist. Furthermore, the jury should not be advised of the defendant's waiver. In instructing the jury, the court should exclude the waived mitigating circumstance from the list of mitigating circumstances read to the jury, and neither the state nor the defendant should be allowed to argue to the jury the existence or the nonexistence of such mitigating circumstance.
399 So.2d at 978.
On appeal, the present case was in a posture very similar to Maggard. At trial, *940 the court had permitted the state to present defendant's juvenile arrest record to the jury in its sentencing phase case-in-chief, including descriptions of the conduct leading to the arrests. Defense counsel had moved to exclude such evidence, representing to the court that the defendant would not seek to rely on the lack of a criminal record as a mitigating factor. Thus the question of the propriety of the state's anticipatory rebuttal was raised before the trial court and was available for argument on appeal. While appellate counsel challenged the death sentence and the sentencing procedure on numerous grounds, he did not argue that the trial court had erred in allowing anticipatory rebuttal.
Petitioner has identified a specific act or omission of appellate counsel as having been a serious and substantial deficiency. The extant legal principle announced in Maggard, which was decided before the time for submitting briefs and argument in petitioner's case, provided a clear basis for a compelling appellate argument. The erroneous permitting of anticipatory rebuttal by the state directed at a statutory mitigating factor reliance upon which had been waived by the defense in effect allowed the state to present improper nonstatutory circumstances in aggravation. It undermined the defendant's main theory and strategy of defense at sentencing: i.e., the attempt to show that the defendant was suffering extreme mental and emotional disturbance and had impaired capacity. The error enabled the state to undercut that defense by depicting the defendant as an experienced criminal in a way not sanctioned by our capital felony sentencing law.
This Court's review of the propriety of death sentences and the proceedings in which they are imposed "is no substitute for the careful, partisan scrutiny of a zealous advocate." Wilson v. Wainwright, 474 So.2d 1162, 1164 (Fla. 1985). We find that there was a substantial omission by appellate counsel and resulting prejudice to the appellate process sufficient to undermine confidence in the outcome.
Having found deprivation of a full and meaningful appeal we proceed to consider the point of appeal in question. We find that allowing anticipatory rebuttal of the mitigating circumstance was error under Maggard v. State. We therefore reverse the sentence of death and remand for a new sentencing hearing before a new jury specially empanelled for this purpose.
It is so ordered.
OVERTON, McDONALD and SHAW, JJ., concur.
ADKINS and EHRLICH, JJ., dissent.